## JAMISON *v.* ANDERSON, administrator.

Where by consent of the attorneys for the opposing parties an order was passed consolidating, for single trial and decree, (1) a case made by interposition of a statutory claim to realty with (2) an equitable action for injunction against prosecution of the claim case, the fact that the claim case was not entered upon the issue docket of the superior court at the time of the consolidation or of the trial is no ground for setting aside the verdict and decree rendered in the consolidated case.

No. 2161. MAY 10, 1921.

Motion to set aside verdict and decree. Before Judge Wright. Floyd superior court. May 8, 1920.

*Henry Walker,* for plaintiff in error.

*Harris & Harris,* contra.

ATKINSON, J. On November 26, 1918, Lizzie Jamison filed a statutory claim to described realty which George D. Anderson, as administrator of the estate of Ella Tripp, was advertising to sell at administrator's sale. On December 3, 1918, Anderson as administrator instituted suit in the superior court of Floyd County, returnable to the January term 1919, to enjoin prosecution of the claim case. Thereafter the record in the claim case was transmitted from the ordinary's court and filed in the superior court of Floyd County, June 5, 1919. On August 5, 1919, during the July term, the judge of the superior court passed an order consolidating the equity and claim cases, stating in the order that it was made " upon agreement of counsel." On January 16, 1920, at the regular term of the superior court the consolidated cases were tried, and a verdict rendered against the claim of Lizzie Jamison to the land in question, and finding that she be perpetually enjoined from asserting any claim to the property. A decree was entered in accordance with the verdict, January 22, 1920. In April, 1920, Lizzie Jamison moved in term time to set aside the verdict and decree, on the ground that her claim which had been consolidated with the equity case had never been docketed on the issue docket of the superior court and therefore was not in order for trial at the time of the consolidation and trial, and the court was without jurisdiction to try the claim on its merits, and consequently the verdict and decree were contrary to law and without evidence to support them. An affidavit of Lizzie Jamison, dated May 1, 1920, is to the effect that the claim affidavit was filed in the superior court on June 5, 1919, and that she never consented to the order granted for the consolidation of the claim case with the equitable case against her, or authorized any one else to consent to it; that her two named attorneys alone had authority to bind her, and neither of them consented to the order of consolidation, and " not until to-day did affiant communicate these matters to her counsel herein." No affidavits of her counsel were filed, nor any statements made by them that they did not consent to the consolidation of the two cases. On May 8, 1920, during the January term, the judge of the superior court granted an order reciting that the claim had been filed in the superior court on June 5, 1919, but not entered on the issue docket, and directing the clerk to enter the claim case on the issue docket nunc pro tunc.

On the same date and in open court a judgment was rendered overruling and denying the motion to set aside the verdict and decree.

The superior court had jurisdiction, at the first or any succeeding term after the claim affidavit was filed in that court, to try the case (Civil Code, §§ 4034, 5176, 5177, 5168 et seq.) ; and where by consent of the attorneys for the respective parties the claim case was consolidated with the equitable case and tried at a term succeeding the first term after the claim was filed in the superior court, the mere fact that the claim case was not entered upon the issue docket of the superior court at the time of the consolidation or trial will not afford ground for setting aside the verdict and decree rendered in the case, upon motion of the claimant. It follows that the judge did not err in refusing to set aside the verdict and decree on the grounds set forth in the motion.        *Judgment affirmed. All the Justices concur.*